<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRUSTEES OF THE HOTEL EMPLOYEES & RESTAURANT EMPLOYEES | : | Hon. Joseph H. Rodriguez |
| INTERNATIONAL UNION WELFARE FUND et al, | : | Civil Action No. 10-5985 |
| Plaintiffs, | : | MEMORANDUM ORDER |
| | : | |
| v. | : | |
| MAZI ENTERPRISE, LLC, | : | |
| Defendant. | : | |
| | : | |

**RODRIGUEZ, J.**

This matter comes before the Court on an unopposed motion of Plaintiffs Hotel Employees and Restaurant Employees and International Union Welfare Fund and the Trustees thereof, seeking entry of default judgment against Defendant Mazi Enterprise, LLC d/b/a JJ's Café [Dkt. Entry No. 6]. The Court has considered the submissions of the Plaintiffs and notes that Defendant has not responded to the motion. For the reasons expressed below, Plaintiffs' motion will be granted.

## I. BACKGROUND

Because the Defendant has not responded in any way, all facts are taken from the Plaintiffs' Complaint [Dkt. Entry No. 1] and the certifications and the attachments in support of the Motion for Default Judgment [Dkt. Entry Nos. 6, 8]. Plaintiff Hotel Employees and Restaurant Employees and International Union Welfare Fund ("Fund") is a trust fund established under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5) and a "multiemployer plan" and "employee benefit plan" within the

meaning of the Employee Retirement Income Security Act of 1974 ("ERISA") , 29 U.S.C. § 1001, et seq.  (Comp. at ¶ 4.)  Plaintiff Trustees of the Hotel Employees and Restaurant Employees and International Union Welfare Fund ("Fund Trustees") are trustees and fiduciaries for the Fund and are authorized to bring this action on behalf of the Fund. (Id. at ¶ 6.)

Defendant Mazi Enterprise, LLC d/b/a JJ'S Café is an employer in an industry affecting commerce under both the LMRA and ERISA.  (Id. at 8.)  At all relevant times hereto, Defendant was a party to a collective bargaining agreement with Unite Here Local 54 ("Union") whereby Defendant agreed, effective October 1, 2009, to contribute $622.50 on behalf of each covered employee per month and $522.50 employee co-pay for all employees who have not waived coverage and to make full monthly payments no later than the fifteenth day of the month following the month for which contributions are to be made.  (Id. at 9.)  Plaintiffs allege that Defendant is delinquent and owes contributions for the period of June 2010 through October 2010.[1]  (Id. at 14, 20.) Plaintiffs seek damages in the amount of the principal contributions due, interest, liquidated damages, reasonable attorney's fees, and costs of suit pursuant to 29 U.S.C. § 1132(g)(2).  (Id. at 23.)

## II.  JURISDICTION

Before entering default judgment against a party that has not filed a responsive pleading, "the district court has an affirmative duty to look into its jurisdiction both over

_____

[1]Plaintiffs have submitted a supplemental affidavit certifying that Defendant has continued to fail to make contributions for the period of November 2010 through February 2011.

the subject matter and the parties." <u>Williams v. Life Sav. & Loan</u>, 802 F.2d 1200, 1203 (10th Cir. 1986); <u>Ayers v. Jacobs & Crumplar, P.A.</u>, 99 F.3d 565, 569 (3d Cir. 1996) ("In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction.").

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This action involves a federal question because the dispute arises under the LMRA and ERISA. Section 301(a) of the LMRA provides that contractual disputes "between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Because this action involves Defendant's alleged violation of the parties' collective bargaining agreement, 29 U.S.C. § 185(a) is applicable. Further, section 515 of ERISA states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Because the Complaint alleges Defendant is an employer that has failed to make contributions in accordance with the agreement, 29 U.S.C. § 1145 is also applicable.[2]

The Court has personal jurisdiction over Defendant because it maintains an office

---

[2]Additionally, a federal question is raised pertaining to the enforcement of Plaintiffs' rights regarding procedures for collecting potential damages under 29 U.S.C. § 1132(g).

in Margate, New Jersey.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default judgment. The Rule provides:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. . . The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55. Rule 55 contemplates a two-step process. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a)." Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed.Appx. 519, 521 n. 1 (3d Cir.2006). After the defendant has been defaulted, Rule 55(b)(2) authorizes district courts to enter a default judgment against "a properly served defendant who fails to plead or otherwise defend an action." See La. Counseling and Family Services, Inc. v. Makrygialos, LLC., 543 F. Supp. 2d 359,

4

364 (D.N.J. 2008) (citing <u>Anchorage Assoc. v. Virgin Is. Bd. Of Tax Rev.</u>, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.").

Even when the defendant is properly in default, a plaintiff is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court.  <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir. 1984).  Default judgments are strongly disfavored in the interest of having a case decided on its merits. <u>United States v. $55,518.05 in U.S. Currency</u>, 728 F.2d 192, 194-95 (3d Cir. 1984).  Therefore, prior to entering default judgment, the Court must also establish that the plaintiff has asserted a legitimate cause of action and the extreme sanction of judgment by default is appropriate under the circumstances.

## III.  ANALYSIS

### A. The Defendant is Properly in Default

First, the Court must determine that the defendant is properly in default.  When the defendant has failed to appear or file any responsive pleading, the Court must find that the defendant was properly served.  <u>See</u> <u>Gold Kist, Inc. v. Laurinburg Oil Co.</u>, 756 F.2d 14, 19 (3d. Cir. 1985) (noting that "a default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void").

Defendant was properly served with a copy of the Summons and Complaint on Decemebr 6, 2010.  Defendant failed to appear or otherwise respond to the Complaint and the Clerk of the Court entered Defendant's default on January 7, 2011.  Therefore, the procedural prerequisite of Rule 55(a) has been satisfied.

5

### B.  Legitimacy of the Cause of Action

Next, the Court must determine that the plaintiff's allegations demonstrate a legitimate cause of action and a right to the requested relief.  Defendants are deemed to have admitted the factual allegations of the complaint by virtue of their default, except those factual allegations related to the amount of damages.  See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998).  However, "a party in default does not admit mere conclusions of law."  Id. § 2688, at 63.  "Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages."  Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)).

The unchallenged factual allegations in the Complaint demonstrate that Plaintiffs state a legitimate cause of action under ERISA.  Under section 515 of ERISA an employer who is obligated to make contributions to a multi-employer benefit plan under a collective bargaining agreement must make payments pursuant to the terms and conditions under the agreement.  29 U.S.C. § 1145. Taking as true the allegations in the Complaint, Defendant's failure to make payments is a violation of the collective bargaining agreement with the Union and, therefore, a violation of section 515 of ERISA.

### C.  Factors Favoring Judgment by Default

Lastly, the Court must determine that default judgment is an appropriate sanction under the circumstances.  Before imposing the extreme sanction of judgment by default, "district courts must make explicit factual findings as to: (1) whether the

party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987)).  In weighing these factors, courts must remain mindful that default is a sanction of last resort and resolve all doubt in favor of proceeding on the merits.  Id.  Because Defendant has not filed any responsive pleading nor shown cause why a default judgment should not be granted, the Court need not determine if there is a  meritorious defense or whether the default was a result of willful misconduct. Carpenters Health & Welfare Fund v. Naglak Design, Civil No. 94-2829, 1995 WL 20848 *2 (E.D.Pa. Jan. 18, 1995); Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. Dimedio Lime Company, Civil No. 06-4519, 2007 WL 4276559 *2 (D.N.J. Nov. 30, 2007).  The Court's sole consideration is whether the Plaintiffs will be prejudiced if default is denied.

Defendant has failed to make the required contributions to the Plaintiff Funds and has not responded to Plaintiffs' Complaint.  Therefore, Plaintiffs have suffered and will continue to suffer if default judgment is not entered because delinquent contributions can negatively impact the Fund Trustees' ability to pay Fund beneficiaries. Acosta v. National Packaging, Inc., Civil No. 09-701, 2010 WL 30001191 *3 (D.N.J. July 28, 2010).  In addition, there is no other means available to Plaintiffs to vindicate their claim against Defendant.  Therefore, judgment by default is an appropriate sanction under the circumstances.

**D. Damages**

The district court has considerable latitude in determining the amount of

7

damages.  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). The court may conduct a hearing to enable it to accurately set damages.  Fed. R. Civ. P. 55(b)(2). However, the court is not required to do so "as long as it ensures that there is a basis for the damages specified in the default judgment." Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc., Civil No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. October 27, 2009) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

In the event that an employer fails to make contributions in violation of the collective bargaining agreement, then the Court may award the plan (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the (a) interest on the unpaid contributions, or (b) liquidated damages; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g); Peterson v. Boyarsky Corp., Civil No. 08-1789, 2009 WL 983123, at *2 (D.N.J. April 8, 2009).  Plaintiffs submit the affidavit of the Fund's Collection Manager, Dean Dailey, in support of their request for damages. [Dkt. Entry No. 8].  Mr. Dailey certifies that Plaintiffs are owed $6,349.50 in unpaid contributions, $35.64 in interest, and $1,269.90 in liquidated damages for the period of June 2010 through October 2010.  In addition, Mr. Dailey certifies that Defendant has continued to fail to submit contributions after the filing of the Complaint and Plaintiffs are owed $5,478.00 in unpaid contributions, $174.54 in interest, and $1,095.60 in liquidated damages for the period of November 2010 through February 2011.

Unpaid contributions, interest, and liquidated damages generally are considered

"sums certain" pursuant to the calculations mandated in ERISA and the parties' contractual agreements.  See Int. Painters and Allied Trades Industry Pension Fund v. R.W. Amrine Drywall Company, Inc., et al., 239 F. Supp. 2d 26, 31 (D.D.C. 2002). However,  the reasonableness of the requested attorney's fees and costs is a matter that requires the Court to exercise discretion.  See id.  Plaintiffs submit the affidavit of Ryan R. Sweeney, Esq., which provides that attorney's fees and costs were incurred in the amount of $1,452.50. [Dkt. Entry No. 8].  Careful consideration of Plaintiff's calculations demonstrates that these fees and costs are reasonable under the "lodestar" method of evaluating attorney's fees adopted by the Third Circuit.  See Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

Therefore, in accordance with the direction of 29 U.S.C. § 1132(g), Plaintiffs are entitled to the damages requested.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs are entitled to relief pursuant to Federal Rule of Civil Procedure 55(b).

Accordingly,

IT IS THEREFORE ORDERED on this 28th day of March, 2011, that Plaintiffs' Motion for Default Judgment [Dkt. Entry No. 6] is hereby GRANTED.


 /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge